■ DONALD G. BERNDT et al., Appellants, v JAMES V. AQUA-VELLO et al., Individually and Doing Business as C. Q. ASSOCI-ATES, Respondents.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Special Term erred in denying plaintiffs' motion for summary judgment on the issue of liability under Labor Law § 240 (1). Plaintiffs' unrebutted proof demonstrates that defendants failed to provide safety devices as required by the statute *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, *rearg denied* 65 NY2d 1054). Contrary to defendants' claim, the chainfall and rope tie were not safety devices intended to provide protection for the worker but were pieces of equipment used to install the stairway by lowering it into its proper place inside the building being constructed. Moreover, there is no view of the evidence to support a finding that the absence of safety devices was not a proximate cause of the injuries

sustained by plaintiff Donald Berndt *(see, Zimmer v Chemung County Performing Arts, supra,* at 524). Defendant's claim that plaintiff, as the carpentry foreman, determined which safety devices, if any, should be used is of no legal significance. There is no burden placed upon the worker to guarantee his own safety by requiring that he construct, place or operate the equipment in a proper manner *(Heath v Soloff Constr.,* 107 AD2d 507, 511). As we stated in *Heath (supra,* at 511), "[i]f that were required, the statute would be of little or no benefit to the worker and the legislative purpose would be frustrated." Moreover, consistent with the statutory purpose, contributory negligence and assumption of risk are not defenses to the imposition of absolute liability *(Heath v Soloff Constr., supra,* at 511; *Evans v Nab Constr. Corp.,* 80 AD2d 841, *lv dismissed* 54 NY2d 605, 785). (Appeal from order of Supreme Court, Monroe County, Provenzano, J.—summary judgment.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.