■ ALAN F. DICK et al., Respondents, v JOHN M. GATES CONSTRUCTION CORPORATION, Doing Business as SUNLIGHT BUILDERS, Appellant, and HARVEST HOMES, Respondent, et al., Defendants.—Levine, J. Appeal from that part of an order of the Supreme Court (Cobb, J.), entered October 19, 1987 in Columbia County, which, inter alia, denied the cross motion of defendant John M. Gates Construction Corporation for partial summary judgment.

In June 1984 plaintiff Alan F. Dick (hereinafter plaintiff) entered into an agreement with defendant John M. Gates Construction Corporation (hereinafter Gates Construction), the general contractor, for the construction of a house for defendant Armand Cortese. Plaintiff and his construction crew were to provide the labor for the project and the materials were to be supplied primarily by defendant Harvest Homes, a manufacturer of prefabricated homes. In early July 1984 Harvest Homes delivered the materials to the site and construction of the Cortese house began.

On July 3, 1984, plaintiff left the jobsite at approximately noon. During that afternoon, plaintiff's crew erected a second-story exterior deck on the building. The deck was secured to

the house using 16-penny nails, apparently because no lag bolts had been supplied to the crew. In addition, since the area beneath the deck had not yet been backfilled and no footings had been placed, the deck was supported by a number of two-by-four braces which were placed beneath the deck at 45-degree angles, also using nails. On July 5, 1984, the next workday, plaintiff returned to work at the site. Later that day, after plaintiff and a member of his crew had been standing on the deck working for approximately two hours, the deck suddenly collapsed, injuring plaintiff. At the time of the accident, plaintiff was on the deck attempting to pass a sheet of plywood to co-workers on the roof.

Plaintiff and his wife commenced this action against Gates Construction, Harvest Homes and Cortese. After some discovery, plaintiff moved for partial summary judgment against Gates Construction and Harvest Homes on the issue of their liability under Labor Law § 240 (1). Gates Construction and Harvest Homes cross-moved for partial summary judgment on the ground that Labor Law § 240 was not applicable to plaintiff's case as a matter of law. Cortese also cross-moved for summary judgment dismissing the complaint and all cross claims against him.

Supreme Court found that the deck was not a "scaffold" under Labor Law § 240 (1). The court, however, held that an issue of fact existed as to whether a cause of the collapse was improper or insufficient *bracing,* such that Labor Law § 240 was applicable nonetheless. This being the case, the court denied both plaintiff's and Gates Construction's motions for partial summary judgment. Supreme Court granted Harvest Homes' cross motion for partial summary judgment on the ground that it did not supervise or control the work involved in the accident. Cortese was also granted summary judgment dismissing the complaint and all cross claims against him. Only Gates Construction has appealed from Supreme Court's order.*

Gates Construction's sole contention on appeal is that Supreme Court erred in denying its cross motion for partial summary judgment. We disagree. There was deposition testimony as well as the affidavit of Gates Construction's foreman at the site that the two-by-four braces nailed to the deck and lower framing were inadequate and temporary, insufficient to

---

* Gates Construction is not pursuing its appeal from that part of Supreme Court's order which granted Harvest Homes' cross motion for partial summary judgment.

support the weight of workers and materials on the deck. Under Labor Law § 240 (1), Gates Construction, as general contractor, had a nondelegable duty to "furnish * * * braces * * * which shall be so constructed * * * as to give proper protection". Hence, Supreme Court properly rejected Gates Construction's contention that Labor Law § 240 (1) was not applicable as a matter of law (see, *Lagzdins v United Welfare Fund-Security Div. Marriott Corp.,* 77 AD2d 585, 588; *see also, Porter v Avlis Contr. Corp.,* 57 AD2d 222, 226-228). Nor can it be said that plaintiff's use of the deck in that condition was so unforeseeable as to absolve Gates Construction from liability under its nondelegable duty, as a matter of law (see, *Berndt v Aquavello,* 139 AD2d 920, 921; *cf., Mack v Altmans Stage Light. Co.,* 98 AD2d 468, 473). We have considered Gates Construction's other contentions and find them equally unavailing.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.