■ JOSEPH COLERN et al., Appellants, v STATE OF NEW YORK, Respondent.—Judgment unanimously reversed on the law with costs, judgment of liability granted to claimants, and

matter remitted to Court of Claims for further proceedings, in accordance with the following Memorandum: Claimants appeal from a judgment entered at the close of proof at trial on the issue of liability dismissing the claim as legally insufficient to establish liability under Labor Law § 240 (1). In dismissing the claim, the court seemed to rely on two rationales. First, the court implied that, in order to recover, claimant had to show that he fell from a scaffolding or other temporary elevated platform, and that the bridge abutment from which claimant fell could not be so categorized. Second, the court apparently found that it was fatal to the section 240 (1) claim that claimant "chose his position on the wall as a position convenient to him and not a place where he was forced to work".

We conclude that claimant made an unrebutted showing of the State's liability under Labor Law § 240 (1) and that the judgment therefore must be reversed. Claimant established that he was injured as a result of a fall from an elevated work site and that no planking, scaffolding, railing, netting or other safety devices were provided for his protection. He also showed that the absence of safety devices was the proximate cause of his injuries *(Bland v Manocherian,* 66 NY2d 452, 459; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524, *rearg denied* 65 NY2d 1054).

Contrary to the court's decision, it is the absence of scaffolding or other safety devices which predicates liability; the statute does not require that the fall be from a scaffolding. Our recent decision in *Hagins v State of New York* (159 AD2d 941) stands foursquare against the State's contention that the bridge abutment was not an elevated work surface within the meaning of Labor Law § 240 (1). Moreover, the uncontroverted evidence refutes the State's contention that the bridge abutment was not part of the work site *(see, Hagins v State of New York, supra; cf., Allen v City of Buffalo,* 161 AD2d 1134).

Neither is there any merit to the court's suggestion that claimant's fall is not compensable under Labor Law § 240 (1) because, as the job foreman, he chose a position atop the wall without being ordered to do so. An owner or contractor is not exempt from absolute liability under the statute merely because the injured worker is a foreman or supervisor on the job *(see, Schieve v International Business Machs. Corp.,* 157 AD2d 924, 926; *Berndt v Aquavello,* 139 AD2d 920, 921). Further, statutory protection is not denied to those workers who, like the claimant herein, voluntarily assume a precarious position without safety devices. Because contributory negligence and

assumption of risk are not defenses to absolute liability imposed by the statute, there is no burden on the worker to guarantee his own safety by constructing or placing safety devices for his own protection *(Berndt v Aquavello, supra; Heath v Soloff Constr.,* 107 AD2d 507, 511). (Appeal from Judgment of Court of Claims, Quigley, J.—Labor Law § 240.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.