■ TERRANCE MAMO, Respondent, v ROCHESTER GAS AND ELECTRIC CORP., Appellant. [619 NYS2d 426] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted plaintiff's motion for partial summary judgment under Labor Law § 240 (1), and properly denied that part of defendant's motion for summary judgment seeking to dismiss that cause of action. A utility pole and its attached hardware, cable and support systems constitute a structure covered by Labor Law § 240 (1) *(see, Lewis-Moors v Contel of N. Y.*, 78 NY2d 942, 943; *Salzler v New York Tel. Co.*, 192 AD2d 1104; *Dedario v New York Tel. Co.*, 162 AD2d 1001, 1002). That section has been construed to apply to the removal of nearby trees as part of otherwise protected activities involving a "structure" *(see, Lombardi v Stout*, 80 NY2d 290, 296; *Mosher v St. Joseph's Villa*, 184 AD2d 1000, 1002; *Nagel v Metzger*, 103 AD2d 1, 9-10).

The court erred, however, in denying that part of defendant's motion for summary judgment seeking to dismiss plaintiff's cause of action under Labor Law § 241 (6). For plaintiff to establish a cause of action under that section, he must allege a violation of a specific regulatory requirement *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-505). Contrary to plaintiff's contention, specific regulatory standards are not met in this case by reference to 12 NYCRR part 23, which contains regulations regarding the use of adequate scaffolding, safety belts, life lines, life nets, and aerial baskets in the general context of construction and maintenance *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501-505). Regulations concerning safety measures to be employed in trimming trees (12 NYCRR part 3) do not apply to persons, such as plaintiff, trimming trees on behalf of a public service corporation subject to the jurisdiction of the Public Service Commission *(see,* 12 NYCRR 3.3).

The court also erred in denying that part of defendant's motion for summary judgment seeking to dismiss plaintiff's cause of action under Labor Law § 200. Although defendant's inspectors visited the job site to observe whether work was being performed within safety standards and reserved the right to stop work in the event of an unsafe procedure, the record contains no proof that defendant was actually supervising the tree-trimming operations on the day in question. Under *Comes v New York State Elec. & Gas Corp.* (82 NY2d 876) (decided after the court's decision), actual or constructive notice of plaintiff's allegedly defective method of climbing trees is not, by itself, sufficient to establish liability under section 200. (Appeal from Order of Supreme Court, Monroe County, Cornelius, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Wesley and Davis, JJ.