■ LEWIS D'ANTUONO et al., Appellants, v GOODYEAR TIRE & RUBBER COMPANY CHEMICAL DIVISION et al., Respondents. [648 NYS2d 488] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Defendants sustained their initial burden of establishing that the alleged dangerous condition resulted from the subcontractor's methods; that, as owners and general contractors, they exercised no supervision or control over the method or manner of the work performed by the injured plaintiff; and thus, that no liability may be imposed upon them for common-law negligence or a violation of Labor Law § 200 (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505; Lombardi v Stout, 80 NY2d 290, 295). The contractual duty to oversee the performance of work, inspect the work site and ensure compliance with safety regulations does not constitute supervision and control over the subcontractor's methods of work (see, Mamo v Rochester Gas & Elec. Corp., 209 AD2d 948, 949, lv dismissed 85 NY2d 924; Tambasco v Norton Co., 207 AD2d 618, 621, lv dismissed 85 NY2d 857). Further, the fact that, after the accident, defendant Clark-Kenith, Inc., postponed the fence installation until after the ground thawed and generally instructed the subcontractor to utilize proper tools in installing the fence constituted no more than the exercise of its contractual duty to oversee the project, schedule and coordinate the work and ensure that applicable safety regulations were followed (see, Mamo v Rochester Gas & Elec. Corp., supra).

(Appeal from Order of Supreme Court, Niagara County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.