■ L. CHARLES ROSE et al., Respondents, v WIDEWATERS LAKEWOOD VILLAGE CO. et al., Defendants, and MCCARTY CONSTRUCTION, INCORPORATED, Appellant. [684 NYS2d 802] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying in its entirety the cross motion of defendant McCarty Construction, Incorporated (McCarty) for summary judgment dismissing the complaint against it. L. Charles Rose (plaintiff) slipped while standing on

an icy floor. Because there was no elevation related hazard of the type contemplated by Labor Law § 240 (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514), that claim should have been dismissed against McCarty. The Labor Law § 200 claim also should have been dismissed because McCarty did not direct, control or supervise the work that plaintiff was performing at the time of the accident (*see, Russin v Picciano & Son,* 54 NY2d 311, 316-317; *see also, Mamo v Rochester Gas & Elec. Corp.,* 209 AD2d 948, 949, *lv dismissed* 85 NY2d 924), nor did McCarty have a duty to protect plaintiff against a dangerous condition that was readily observable (*see, Hill v Corning Inc.,* 237 AD2d 881, *lv dismissed in part and denied in part* 90 NY2d 884).

The court properly denied that part of McCarty's cross motion with respect to Labor Law § 241 (6). Contrary to McCarty's contention, McCarty was an agent of the owner for purposes of providing a safe worksite (*see, Russin v Picciano & Son, supra,* at 317-318). Thus, we modify the order by granting in part the cross motion of McCarty and dismissing the Labor Law §§ 200 and 240 claims. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Wisner, Hayes, Balio and Fallon, JJ.