■ MELVIN E. KAZMIERCZAK et al., Appellants-Respondents, v TOWN OF CLARENCE, Defendant, and CLARENCE CENTRAL SCHOOL DISTRICT et al., Respondents-Appellants and Third-Party Plaintiffs. INDUSTRIAL POWER AND LIGHTING CORPORATION, Third-Party Defendant-Respondent. [737 NYS2d 177] —Order unanimously reversed on the law without costs, motion and cross motion granted and common-law negligence cause of action and Labor Law § 200 claim against defendants Clarence Central School District and Clarence Board of Education dismissed. Memorandum: Supreme Court erred in failing to grant plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1) against Clarence Central School District and Clarence Board of Education (defendants). Plaintiffs commenced this action to recover damages for injuries sustained by Melvin E. Kazmierczak (plaintiff) when he fell from a ladder while installing conduit during construction at Clarence Senior High School. Plaintiffs met their initial burden by establishing "that the accident occurred when an unsecured ladder tipped over, causing [plaintiff] to fall and sustain injuries" (*Guzman v Gumley-Haft, Inc.*, 274 AD2d 555, 556; *see, Dahl v Armor Bldg. Supply*, 280 AD2d 970; *cf., Spenard v Gregware Gen. Contr.*, 248 AD2d 868). In opposition, defendants and third-party defendant submitted evidence establishing that the ladder tipped over because it was negligently placed by plaintiff. Labor Law § 240 (1) provides in relevant part that "[a]ll contractors and owners * * * shall furnish or erect, or cause to be furnished or erected * * * ladders * * * which shall be so * * * placed * * * as to give proper protection." "[T]he statutory duty is nondelegable" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560), and thus "the

injured's contributory negligence is not a defense * * * and * * * the injured's culpability, if any, does not operate to reduce the owner/contractor's liability" (*Stolt v General Foods Corp.*, 81 NY2d 918, 920; *see, Bland v Manocherian*, 66 NY2d 452, 460; *Granieri v 500 Fifth Ave. Assocs.*, 223 AD2d 450, 451).

Defendants and third-party defendant contend that, because the ladder itself was not defective, there is a triable issue of fact whether the actions of plaintiff were the sole proximate cause of his injuries. The statute, however, imposes a nondelegable duty to furnish a ladder that is not defective and is placed so "as to give proper protection" (Labor Law § 240 [1]). There is no view of the evidence that the violation of that statutory duty was not a proximate cause of plaintiff's accident (*see, Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524, *rearg denied* 65 NY2d 1054; *Villeneuve v State of New York*, 274 AD2d 958; *cf., Weininger v Hagedorn & Co.*, 91 NY2d 958, 960, *rearg denied* 92 NY2d 875).

The court further erred in denying the cross motion of defendants seeking summary judgment dismissing the common-law negligence cause of action and Labor Law § 200 claim against them. Defendants established their entitlement to judgment as a matter of law by submitting evidence that the accident arose from the placement of the ladder and that they "did not direct, control or supervise the work that plaintiff was performing at the time of the accident" (*Rose v Widewaters Lakewood Vil. Co.*, 256 AD2d 1122, 1123; *see, Shelley v Flow Intl. Corp.*, 283 AD2d 958; *D'Antuono v Goodyear Tire & Rubber Co. Chem. Div.*, 231 AD2d 955). Plaintiffs and third-party defendant failed to raise a triable issue of fact in opposition. Plaintiffs failed to oppose the cross motion and, although third-party defendant presented evidence that defendants exercised general supervisory control over the project and had authority to direct the correction of safety violations, it presented no evidence that defendants were actually supervising plaintiff's actions on the day of the accident (*see, Shelley v Flow Intl. Corp.*, *supra*; *D'Antuono v Goodyear Tire & Rubber Co. Chem. Div.*, *supra*; *Mamo v Rochester Gas & Elec. Corp.*, 209 AD2d 948, 949, *lv dismissed* 85 NY2d 924).

Third-party defendant additionally contends that the sloping floor and the congestion of machinery in the area where the accident occurred was a dangerous condition for which defendants, as owners, may be held responsible. Third-party defendant, however, failed to submit any evidence supporting that contention. " 'A plant is defective when any part of it is not in a

proper condition for the purpose for which it was intended' " (*Gasper v Ford Motor Co.*, 13 NY2d 104, 111, *mot to amend remittitur granted* 13 NY2d 893, quoting *Wiley v Solvay Process Co.*, 215 NY 584, 591). The area where the accident occurred here contained circulating pumps, heat exchangers and piping, all of which were part of the school's boiler system. The floor was slightly sloped toward a drain because the machinery leaked water in normal operation. Third-party defendant failed to show that the area was not "in all respects * * * adapted and appropriate to its intended use" (*Gasper v Ford Motor Co.*, *supra*, at 111 [emphasis in original omitted]). (Appeals from Order of Supreme Court, Erie County, O'Donnell, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.