■ MICHAEL STEVES, Respondent, v CAMPUS INDUSTRIES, Appellant. [732 NYS2d 821] —Order unanimously affirmed with

costs. Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell from a platform at the top of an interior ladder leading to the roof of defendant's building. The ladder was permanently affixed to the building. At the time of the accident, plaintiff was descending from the roof after assisting in installing a sign above the doorway of the premises leased from defendant by plaintiff's employer. Supreme Court properly granted plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) and denied that part of defendant's cross motion seeking summary judgment dismissing that claim. We reject defendant's contention that plaintiff is not entitled to the protection of the statute. Contrary to the contentions of defendant, we conclude that it is an "owner" within the meaning of Labor Law § 240 (1) (*see, Coleman v City of New York,* 91 NY2d 821, 822-823; *Gordon v Eastern Ry. Supply,* 82 NY2d 555, 560), plaintiff is a "person so employed" within the meaning of that section (*see, Lawyer v Rotterdam Ventures,* 204 AD2d 878, 879-880, *lv dismissed* 84 NY2d 864; *see also, Seguin v Massena Aluminum Recovery Co.,* 229 AD2d 839, 840; *cf., Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 576-577) and installing the sign is a protected activity under the statute (*see, Buckley v Radovich,* 211 AD2d 652; *Lawyer v Rotterdam Ventures, supra,* at 879). We further conclude that "[t]here is no view of the evidence that the violation of [defendant's] statutory duty was not a proximate cause of plaintiff's accident" (*Kazmierczak v Town of Clarence,* 286 AD2d 955, 956). Defendant's contention that the accident resulted from plaintiff's election to step onto the platform rather than the ladder merely raises an issue with regard to contributory negligence, which has no bearing on defendant's liability under Labor Law § 240 (1) (*see, Kazmierczak v Town of Clarence, supra; Haystrand v County of Ontario,* 207 AD2d 978). (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.