■ MARK R. OAKS et al., Respondents, v PIONEER DEVELOP-MENT COMPANY, LLC, et al., Appellants. [741 NYS2d 801] —Appeal from an amended order of Supreme Court, Onondaga County (Centra, J.), entered August 21, 2001, which, inter alia, granted the motion of plaintiffs for partial summary judgment.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim. Mark R. Oaks (plaintiff), an iron worker, was involved in the erection of structural steel in a building under construction on a site owned by defendant Pioneer Development Company, LLC. Defendant J.P.W. Riggers & Erectors, Inc. was the general contractor, and plaintiff's employer was a subcontractor. On the date of the accident at issue, plaintiff was squatting or kneeling near the edge of the second floor decking. Plaintiff had to stand to enable his supervisor, who was stationed at ground level, to determine the proper location to place an angle iron on the edge of the building. As he did so, he took hold of a "visual safety cable," a metal cable that was stretched across the open side of the building approximately 40 inches from the second floor decking. The cable was attached by washers welded to the vertical steel columns, and there were no guardrails. The cable gave way as plaintiff began to stand, and he lost his balance and fell to the ground. Evidence submitted by plaintiffs in support of their motion establishes that, after plaintiff fell, both he and his supervisor noticed the cable with an attached washer on the ground underneath him.

Contrary to defendants' contention, plaintiffs met their initial burden by submitting evidence establishing that the visual safety cable, the only safety device provided, was not so "placed * * * as to give proper protection to" plaintiff (§ 240 [1]; see Adderly v ADF Constr. Corp., 273 AD2d 795), and defendants failed to raise an issue of fact whether the conduct of plaintiff was the sole proximate cause of the accident (see DiVincenzo v Tripart Dev., 272 AD2d 904, 904-905; cf. Weininger v Hagedorn & Co., 91 NY2d 958, 960, rearg denied 92 NY2d 875).

In addition, the court properly dismissed, sua sponte, the first affirmative defense of assumption of the risk and the second affirmative defense of comparative negligence asserted in defendants' joint answer. Neither is a defense to absolute liability imposed pursuant to Labor Law § 240 (1) (see Colern v State of New York, 170 AD2d 1000, 1001-1002). The court also

properly dismissed the third and sixth affirmative defenses asserted by defendants because they seek apportionment of liability among other defendants, and here there are no other defendants. Finally, the record establishes as a matter of law that plaintiff was not a recalcitrant worker (*see generally Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562-563; *Sanango v 200 E. 16th St. Hous. Corp.*, 290 AD2d 228), and thus the court properly dismissed the seventh affirmative defense. Present—Pigott, Jr., P.J., Hayes, Wisner, Scudder and Kehoe, JJ.