■ GREGORY S. LANG et al., Appellants-Respondents, v CHAS. MANCUSO & SON, INC., et al., Respondents-Appellants. [747 NYS2d 663] —Appeal and cross appeal from those parts of an order of Supreme Court, Genesee County (Noonan, J.), entered May 29, 2001, that denied plaintiffs' motion seeking partial

summary judgment under Labor Law § 240 (1) and that part of defendants' cross motion seeking summary judgment under Labor Law § 240 (1) and § 241 (6).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting plaintiffs' motion and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Gregory S. Lang (plaintiff) when he fell from a ladder while replacing 50 to 75 feet of beverage supply lines at defendants' restaurant and bowling alley. Supreme Court properly denied that part of defendants' cross motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action but erred in denying plaintiffs' motion for partial summary judgment on liability under that section. Contrary to defendants' contention, "plaintiff's work was in the nature of 'altering' or 'repairing' of a building or structure and within the purview of section 240" (*Tate v Clancy-Cullen Stor. Co.*, 171 AD2d 292, 295; *see Weininger v Hagedorn & Co.*, 91 NY2d 958, 959-960, *rearg denied* 92 NY2d 875; *Smith v Pergament Enters. of S.I.*, 271 AD2d 870, 871). Further, plaintiffs established that the ladder was not so placed as to give proper protection to plaintiff and defendants failed to raise an issue of fact whether plaintiff's conduct was the sole proximate cause of the accident (*see Oaks v Pioneer Dev. Co.*, 294 AD2d 897; *Dahl v Armor Bldg. Supply*, 280 AD2d 970, 971). Plaintiff's alleged contributory negligence has no bearing on defendants' liability under the statute (*see Steves v Campus Indus.*, 288 AD2d 914, 915; *Kazmierczak v Town of Clarence*, 286 AD2d 955, 955-956). Contrary to defendants' further contention, the court properly denied that part of the cross motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action on the ground that plaintiff was not engaged in work protected under that statute at the time of his injury (*see Joblon v Solow*, 91 NY2d 457, 466). We modify the order, therefore, by granting plaintiffs' motion. Present—Green, J.P., Wisner, Scudder, Burns and Lawton, JJ.