■ TERRY MANNING et al., Respondents, v WALTER S. JOHNSON BUILDING COMPANY, INC., Appellant. [757 NYS2d 168] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered May 15, 2002, which granted plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs and the motion is denied.

Memorandum: Supreme Court erred in granting plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Plaintiffs met their initial burden on the motion by submitting the affidavit of Terry Manning (plaintiff), who averred that he stepped onto a scaffold plank that was not properly secured and that the plank "seesawed," causing him to fall approximately eight feet to the ground (see Franklin v Dormitory Auth. of State of N.Y., 291 AD2d 854 [2002]). Defendant, however, raised triable issues of fact by submitting the accident report and deposition testimony of plaintiff's foreman. The accident report, also signed by plaintiff, described the accident as having occurred when plaintiff "walked off [a] scaffold plank." According to the deposition testimony of plaintiff's foreman, plaintiff told him that he had "walked off the end of the planking" and, upon inspecting the scaffold after the accident, plaintiff's foreman found no problem with the scaffold and that no planks were shifted, broken or out of place. Defendant thus raised triable issues of fact whether the accident was caused by a defect in the scaffold (see Felker v Corning, Inc., 90 NY2d 219, 224 [1997]; Loveless v American Ref-Fuel Co. of Niagara, 299 AD2d 819 [2002]; Salotti v Wellco, Inc., 273 AD2d 862 [2000]; Madinya v Consolidated Edison Co. of N.Y., 202 AD2d 356 [1994]; see also Hilbert v

*Sahlen Packing Co.*, 267 AD2d 940, 941 [1999]) and whether the actions of plaintiff were the sole proximate cause of his injuries (*see Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998], *rearg denied* 92 NY2d 875 [1998]; *Salotti*, 273 AD2d at 862-863).

All concur except Pigott, Jr., P.J., and Lawton, J., who dissent and vote to affirm in the following memorandum.

Pigott, Jr., P.J., and Lawton, J. (dissenting). We respectfully dissent. We conclude that as a matter of law it cannot be said that the actions of Terry Manning (plaintiff) were the sole proximate cause of the accident and that it therefore is immaterial whether he walked or fell off the scaffolding for purposes of defendant's liability under Labor Law § 240 (1). "Plaintiff's alleged contributory negligence has no bearing on defendant['s] liability under the statute" (*Lang v Mancuso & Son*, 298 AD2d 960, 961 [2002]; *see Oaks v Pioneer Dev. Co.*, 294 AD2d 897 [2002]; *Steves v Campus Indus.*, 288 AD2d 914, 915 [2001]; *Kazmierczak v Town of Clarence*, 286 AD2d 955, 955-956 [2001]). Nor is there any allegation that plaintiff's fall was intentional or the result of recalcitrant conduct on plaintiff's part. Where, as here, there is no possible view of the evidence that the violation by defendant of its statutory duty to provide proper protection was not a proximate cause of the accident (*see Steves*, 288 AD2d at 915; *Kazmierczak*, 286 AD2d at 956), plaintiffs are entitled to partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). We therefore would affirm the order granting plaintiffs' motion seeking that relief. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.