*1037 Appeal from that part of an order of Supreme Court, Steuben County (Furfure, J.), entered November 13, 2002, that granted plaintiffs’ cross motion seeking partial summary judgment on liability on the cause of action under Labor Law § 240 (1) and dismissal of defendant’s affirmative defenses alleging plaintiffs culpable conduct and assumption of risk.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of plaintiffs’ cross motion seeking partial summary judgment on liability on the Labor Law § 240 (1) cause of action and as modified the order is affirmed without costs.
Memorandum: Defendant, the owner of the property where Patrick O. Holiday (plaintiff) was injured, appeals from that part of an order that granted plaintiffs’ cross motion seeking partial summary judgment on liability on the cause of action under Labor Law § 240 (1) and dismissal of defendant’s affirmative defenses alleging plaintiffs culpable conduct and assumption of risk. We agree with defendant that Supreme Court erred in granting that part of the cross motion seeking partial summary judgment on liability under section 240 (1). There are triable issues of fact concerning whether plaintiff was engaged in an activity protected under the statute at the time of the accident (see Hanvey v Guardian Angels Church of Rochester, 309 AD2d 1200 [2003]; Short v Durez Div.-Hooker Chems. & Plastic Corp., 280 AD2d 972, 972-973 [2001]), more particularly, whether he was engaged in the “cleaning ... of a building” (§ 240 [1]; see generally Stanley v Carrier Corp., 303 AD2d 1022 [2003]; Vasey v Pyramid Co. of Buffalo, 258 AD2d 906, 906-907 [1999]; Roldan v Molyneux, 227 AD2d 240 [1996]), or whether he was merely engaged in “routine cleaning in a nonconstruction, nonrenovation context” (Chavez v Katonah Mgt. Group, 305 AD2d 358, 359 [2003]; see Machado v Triad III Assoc., 274 AD2d 558, 559 [2000], lv denied 96 NY2d 702 [2001]; Williams v Perkins Rests., 245 AD2d 1128 [1997], lv denied 92 NY2d 804, rearg denied 92 NY2d 921 [1998]). We reject the contention of defendant, however, that the court erred in granting that part of the cross motion seeking dismissal of his affirmative defenses (see Bland v Manocherian, 66 NY2d 452, 461 [1985]; Oaks v Pioneer Dev. Co., 294 AD2d 897 [2002]; Colern v State of New York, 170 AD2d 1000, 1001-1002 [1991]). Thus, we modify the *1038 order by denying that part of plaintiffs’ cross motion seeking partial summary judgment on liability on the Labor Law § 240 (1) cause of action. Present—Pigott, Jr., PJ., Green, Scudder, Kehoe and Hayes, JJ.