ANTONIO FERNANDES, Respondent, v THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Appellant, and PENGUIN AIR CONDITIONING CORP., Defendant and Third-Party Plaintiff-Appellant. MERENDINO ASSOCIATES, INC., Third-Party Defendant-Appellant. [774 NYS2d 4]—

Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about May 13, 2003, which, in an action by a

laborer for personal injuries sustained on commercial premises leased by defendant Equitable to defendant Schroder, inter alia, granted plaintiff's motion for partial summary judgment on the issue of Equitable's, Schroder's and defendant general contractor Dolner's liability under Labor Law § 240 (1), denied cross motions by Equitable, Schroder, Dolner and defendant subcontractor Penguin for summary judgment dismissing the complaint and all cross claims as against them, or alternatively, in Equitable's case, for summary judgment on its cross claims for contractual indemnification against Dolner and Penguin, and granted Schroder's cross motion for summary judgment on its cross claim against Dolner for contractual indemnification, unanimously modified, on the law, to direct that Dolner is obligated to defend as well as indemnify Schroder, and otherwise affirmed, without costs.

Plaintiff was properly granted summary judgment on his section 240 (1) claim, there being no issues of fact as to whether, as plaintiff asserts, the ladder wobbled causing him to lose balance, or whether plaintiff's own acts or omissions were the sole cause of the wobbling (see Blake v Neighborhood Hous. Servs., 1 NY3d 280, 289 n 8 [2003]; Greenidge v Anchor Constr., 303 AD2d 179 [2003]). It does not avail defendants that plaintiff did not actually fall off of the ladder but instead was injured in preventing himself from falling (see Pesca v City of New York, 298 AD2d 292 [2002]; Acosta v Kent Bentley Apts., 298 AD2d 124 [2002]). The HVAC testing that plaintiff was performing when injured, in the midst of construction work being performed by other laborers, was part of the "erection" phase of the offices being constructed on the leased premises (see Campisi v Epos Contr. Corp., 299 AD2d 4, 6 [2002]). The testimony of Dolner's superintendent raises an issue of fact as to whether it shared supervisory control over plaintiff's work with Penguin. Plaintiff's testimony describing the ladder raises an issue of fact as to whether it had broken, insecure or worn down members or parts in violation of 12 NYCRR 23-1.21 (b) (3) and Labor Law § 241 (6) (see De Oliveira v Little John's Moving, 289 AD2d 108 [2001]). With respect to indemnification, the prime contract between Schroder and Dolner entitles only Schroder to a defense and indemnification, and there is no basis for extending these contractual rights to Equitable, which is not in contractual privity with Dolner. The various other contractual documents under which Equitable seeks indemnification are either ambiguous or dependent upon findings of negligence. We modify as above indicated based on the plain language of the indemnification clause contained in the prime contract. We have considered the parties' other arguments for affirmative relief and find them

unavailing. Concur—Mazzarelli, J.P., Williams, Friedman and Gonzalez, JJ.