OTTIS ALLIGOOD et al., Respondents, v HOSPITALITY WEST, LLC, et al., Appellants, et al., Defendant. [778 NYS2d 360]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered August 20, 2003. The order granted plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Ottis Alligood (plaintiff) when the ladder that he was using to repair an inoperable refrigeration unit slid on ice where the ladder had been placed, causing him to fall. Supreme Court properly granted plaintiffs' motion for partial summary judgment on Labor Law § 240 (1) liability. Plaintiffs met their burden of establishing that the ladder was not "so . . . placed . . . as to give proper protection to" plaintiff (*id.*; *see Klein v City of New York*, 89 NY2d 833, 835 [1996]; *Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]; *Lang v Chas. Mancuso & Son*, 298 AD2d 960, 961 [2002]). Defendants Hospitality West, LLC, and Pizza Realty Trust, c/o Haufler Associates, failed to raise a triable issue of fact whether plaintiff's conduct was the sole proximate cause of the accident (*see Fernandes v Equitable Life Assur. Socy. of U.S.*, 4 AD3d 214, 215 [2004]; *Evans v Anheuser-Busch, Inc.*, 277 AD2d 874 [2000]). "Plaintiff's alleged contributory negligence has no bearing on defendants' liability under the statute" (*Lang*, 298 AD2d at 961; *see Kazmierczak v Town of Clarence*, 286 AD2d 955, 955-956 [2001]). Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.