■ JOSEPH E. SCALLY et al., Appellants-Respondents, v RE-GIONAL INDUSTRIAL PARTNERSHIP et al., Respondents, and WEB-STER CRANE SERVICE, INC., Respondent-Appellant. ABB AUTOMA-TION, INC., Third-Party Plaintiff, and WEBSTER CRANE SERVICE, INC., Third-Party Plaintiff-Appellant, v ANCOMA, INC., Third-Party Defendant-Respondent. [780 NYS2d 457]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Raymond E. Cornelius, J.), entered February 25, 2003, in an action to recover damages for personal injuries. The order, insofar as appealed from, denied the motion of plaintiffs for partial summary judgment on liability under Labor Law § 240 (1), granted those parts of the motions of defendants for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims, denied that part of the motion of defendant Webster Crane Service, Inc. for summary judgment dismissing the negligence cause of action against it, denied the motion of defendant Webster Crane Service, Inc. for summary judgment

on its indemnification claim against defendant Mendon Enterprises, Inc., granted in part the motion of third-party defendant for summary judgment and dismissed the third-party complaint of defendant Webster Crane Service, Inc., and denied the cross motion of defendant Webster Crane Service, Inc. for summary judgment on its indemnification claim against third-party defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in part the motion of defendants Regional Industrial Partnership and ABB Automation, Inc. for summary judgment with respect to the Labor Law § 240 (1) claim, reinstating that claim and the derivative cause of action against them, denying that part of the motion of defendant Webster Crane Service, Inc. for summary judgment with respect to the Labor Law § 240 (1) claim, reinstating that claim against it, granting plaintiffs' motion with respect to that claim against those defendants, granting in its entirety third-party defendant's motion, dismissing the third-party complaint of defendant ABB Automation, Inc., denying the cross motion of defendant ABB Automation, Inc., and denying, as premature, the motion of defendants Regional Industrial Partnership and ABB Automation, Inc. for a conditional order of common-law indemnification and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Joseph E. Scally (plaintiff) when he fell from the top of an air conditioning unit that had been loaded onto a flatbed truck. Defendant-third-party plaintiff ABB Automation, Inc. (ABB) had hired plaintiff's employer, third-party defendant, Ancoma, Inc. (Ancoma), to remove and replace air conditioning units from the roof of a building leased by ABB from defendant Regional Industrial Partnership (RIP). Ancoma entered into an agreement with defendant-third-party plaintiff Webster Crane Service, Inc. (Webster Crane) providing for Webster Crane to supply a crane and a crane operator to remove the air conditioning units from the roof, and Webster Crane hired defendant Mendon Enterprises, Inc. (Mendon) to provide the flatbed truck to transport the air conditioning units away from the job site.

On the day of the accident plaintiff was working on the roof of the building, assisting in attaching the air conditioning units to the crane. After the last unit was lifted from the roof, plaintiff began to assist in preparing the units for transport. The accident occurred when plaintiff climbed to the top of one of the units in order to clear debris that had been placed there when

the unit was on the roof. The chain that had been securing that unit to the flatbed truck had been removed in order to remove the debris, and the unit was placed so that it extended approximately five feet over the edge of the flatbed truck. When plaintiff climbed to the top of that unit, the unit tipped, causing plaintiff to fall. In their complaint, plaintiffs allege causes of action for negligence and the violation of Labor Law §§ 200, 240 (1) and § 241 (6).

Supreme Court erred in granting the motions of RIP, ABB and Webster Crane insofar as they sought summary judgment dismissing the Labor Law § 240 (1) claim against them and the derivative cause of action against RIP and ABB and in denying that part of plaintiffs' motion for partial summary judgment on Labor Law § 240 (1) liability against those defendants, and we therefore modify the order accordingly. The removal of commercial air conditioning units from the roof of a building is an activity protected by the statute, i.e., the "altering . . . of a building" (*id.*; *see Panek v County of Albany*, 99 NY2d 452, 457-458 [2003]; *Smith v 21 W. LLC Ltd. Liab. Co.*, 308 AD2d 312 [2003]). The work in which plaintiff was engaged at the time of the accident was "ongoing and contemporaneous with" that protected activity (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881 [2003]; *see Missico v Tops Mkts.*, 305 AD2d 1052, 1053 [2003]). Contrary to defendants' contentions, moreover, the work exposed plaintiff to an elevation-related risk, and the absence of an appropriate safety device such as a ladder was a proximate cause of plaintiff's injuries (*see Curley v Gateway Communications*, 250 AD2d 888, 890 [1998]; *Monroe v Bardin*, 249 AD2d 650, 652 [1998]). Contrary to the further contention of RIP and ABB, the proof fails to raise a triable issue of fact whether plaintiff's conduct was the sole proximate cause of the accident (*see Alligood v Hospitality W.*, 8 AD3d 1102 [2004]; *Fernandes v Equitable Life Assur. Socy. of U.S.*, 4 AD3d 214, 215 [2004]). RIP and ABB may not escape liability under the statute based on the availability of a ladder somewhere at the work site (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 AD3d 236, 237 [2004]), and "[p]laintiff's alleged contributory negligence has no bearing on defendants' liability under the statute" (*Lang v Charles Mancuso & Son*, 298 AD2d 960, 961 [2002]; *see Kazmierczak v Town of Clarence*, 286 AD2d 955, 955-956 [2001]).

The court properly granted that part of the motion of Mendon seeking summary judgment dismissing the Labor Law § 240 (1) claim against it. Mendon submitted proof establishing as a matter of law that it is not an owner or contractor and that it lacked

"contractual or other actual authority to control the activity bringing about [plaintiff's] injury" (*Nowak v Smith & Mahoney*, 110 AD2d 288, 289 [1985]; *see Wright v Nichter Constr. Co.*, 213 AD2d 995 [1995]). Lacking such authority, Mendon is not subject to liability as an "agent" under the statute (*see Grimes v Pyramid Cos. of Onondaga*, 237 AD2d 940, 940-941 [1997]; *see generally Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]).

The court also properly granted defendants' motions insofar as they sought summary judgment dismissing the Labor Law § 241 (6) claim. Although the regulation relied upon by plaintiffs, 12 NYCRR 23-2.1 (b), is sufficiently specific to support that claim (*see Donnelly v City of Niagara Falls*, 5 AD3d 1103, 1104 [2004]; *Kvandal v Westminster Presbyt. Socy. of Buffalo*, 254 AD2d 818 [1998]), that regulation is inapplicable to the facts of this case (*see generally Jacome v State of New York*, 266 AD2d 345, 347 [1999]).

Plaintiffs have not raised any issue on appeal with respect to those parts of the order granting defendants' motions insofar as they sought summary judgment dismissing the Labor Law § 200 claim or the motion of RIP and ABB insofar as it sought summary judgment dismissing the negligence cause of action against them. Thus, plaintiffs have abandoned any challenge to those parts of the order (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

The court properly denied that part of the motion of Webster Crane seeking summary judgment dismissing the negligence cause of action against it. There are triable issues of fact whether Webster Crane's crane operator was negligent (*see Severino v Hohl Indus. Servs.*, 300 AD2d 1049 [2002]), and whether he was a special employee of Ancoma (*see Oden v Chemung County Indus. Dev. Agency*, 183 AD2d 998, 998-999 [1992]). Because issues of fact remain with respect to Webster Crane's alleged negligence, the court properly denied Webster Crane's motion seeking a conditional order of common-law indemnification with respect to that part of its cross claim against Mendon (*see Niagara Frontier Transp. Auth. v City of Buffalo Sewer Auth.*, 1 AD3d 893, 895-896 [2003]). The court also properly granted Ancoma's motion insofar as it sought summary judgment dismissing Webster Crane's third-party complaint and denied Webster Crane's cross motion seeking a conditional order of contractual indemnification against Ancoma in the third-party action. The agreement supporting Webster Crane's third-party action fails to satisfy the requirements of Workers' Compensation Law § 11.

Because the court granted the motion of RIP and ABB for summary judgment dismissing the complaint against them, the court did not address all of the relief sought by and against them. Nevertheless, in the interest of judicial economy, we conclude that Ancoma established its entitlement to judgment as a matter of law with respect to ABB's third-party action by demonstrating that no contract for indemnification existed (*see Aiello v Rockmor Elec. Enters.*, 255 AD2d 470, 472 [1998], *lv dismissed in part and denied in part* 93 NY2d 952 [1999]), and ABB failed to raise a triable issue of fact. We therefore further modify the order by granting that part of Ancoma's motion seeking summary judgment dismissing the third-party complaint of ABB, and we deny the cross motion of ABB for summary judgment on its cause of action for contractual indemnification in the third-party action. Finally, we modify the order by denying, as premature, the motion of RIP and ABB for a conditional order of common-law indemnification with respect to those parts of their cross claims against Mendon (*see Sledz v 333 E. 68th St. Corp.*, 254 AD2d 196, 197 [1998]; *State of New York v Syracuse Rigging Co.*, 249 AD2d 758, 759-760 [1998]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.