■ Enrico Antenucci, Appellant, v Three Dogs, LLC, et al., Respondents. (And a Third-Party Action.) [838 NYS2d 513]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered June 14, 2006, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment as to liability under Labor Law § 240 and

granted defendants' cross motion for summary judgment dismissing that cause of action, unanimously modified, on the law, to the extent of denying defendants' cross motion to dismiss the section 240 claim, and otherwise affirmed, without costs, and the matter remanded for further proceedings.

At the time of this incident, plaintiff was working for a concrete and excavation subcontractor, converting a museum to a single-family residence. At his deposition, plaintiff recounted that he was descending a 16-foot extension ladder, when it "wobbled" to his right, causing him to fall approximately 10 feet, suffering injuries. Plaintiff testified that the ladder was tied at the top, but only on one side. By contrast, in support of their motion to dismiss plaintiff's Labor Law § 240 (1) claim, defendants introduced the deposition testimony of the general contractor's superintendent. He recounted that he did not know who tied the ladder off, but that it was "tied up from the ladder itself on both sides, and that it was tied to an adjacent steel high beam." He also testified he did not see the accident, but that plaintiff and his foreman both told him that plaintiff fell from the ladder while descending, because he "missed a rung."

Defendants also introduced an accident report in support of their motion. Under the section entitled "How Injury Occurred," the report states, "climbing down [an] extension ladder, missed a wrung [sic] & then fell off." Plaintiff testified that he remembered signing a form, but he thought that it may have been blank when he did so. In their reply to plaintiff's motion, defendants submitted an affidavit from plaintiff's foreman, attesting to the fact that plaintiff fell because he "missed a ru[n]g" on the ladder.

The conflict between plaintiff's deposition testimony and defendants' submissions precludes us from determining, as a matter of law, whether defendants are liable under Labor Law § 240 (1) for providing plaintiff with a defective or malfunctioning ladder (*cf. Felker v Corning Inc.*, 90 NY2d 219 [1997]; *Fernandes v Equitable Life Assur. Socy. of U.S.*, 4 AD3d 214 [2004]), or, alternatively, whether plaintiff's conduct was the sole proximate cause of his fall (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35 [2004]; *see also Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]). Accordingly, we reinstate plaintiff's Labor Law § 240 (1) claim and remand the matter for trial (*Lopez v Bovis Lend Lease LMB, Inc.*, 26 AD3d 192 [2006]; *Wilson v Haagen-Dazs Co.*, 215 AD2d 338 [1995], *lv dismissed* 86 NY2d 838 [1995]). Concur—Mazzarelli, J.P., Friedman, Marlow, McGuire and Malone, JJ.