■ MICHAEL D'ANTONIO, Appellant, v MANHATTAN CONTRACTING CORPORATION et al., Respondents. MANHATTAN CONTRACTING CORPORATION, Third-Party Plaintiff, v WILKSTONE, LLC, Third-Party Defendant-Respondent. [939 NYS2d 433]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 24, 2011, which denied plaintiff's motion for summary judgment on his Labor Law § 240 (1) cause of action, unanimously affirmed, without costs.

Plaintiff, an employee of third-party defendant Wilkstone, LLC, was working at a construction site owned by defendant 112 West 34th Street Company, LLC and managed by defendant Manhattan Contracting Corporation, when he was injured while installing temporary lighting. Plaintiff was standing on the third rung of a closed A-frame ladder that was propped up against a wall, when he was struck on the head by a conduit pipe that housed wires, which partially detached from the wall and swung downward.

Summary judgment was properly denied as there are triable issues of fact which exist regarding whether the conduit pipe constituted a falling object within the meaning of Labor Law § 240 (1) and whether the events leading to plaintiff's injury were due to the absence or inadequacy of a safety device of the type enumerated in the statute (see generally Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1 [2011]; Narducci v Manhasset Bay Assoc., 96 NY2d 259 [2001]).

Additionally, although plaintiff maintains that he fell from the ladder when he was hit on the head, there is conflicting evidence as to whether he deliberately jumped, was knocked off by the pipe, or lost his footing when the ladder allegedly "shook," precluding a determination, as a matter of law, that the ladder constituted an inadequate safety device (see Antenucci v Three Dogs, LLC, 41 AD3d 205 [2007]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Acosta, Freedman and Abdus-Salaam, JJ.