# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**404**
**CA 15-00506**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND TROUTMAN, JJ.

JASON PEARSON, PLAINTIFF-APPELLANT,

                  V                                  MEMORANDUM AND ORDER

JEREMY WALLACE, ROBINSON CONCRETE, INC.,
DEFENDANTS,
LECESSE CONSTRUCTION SERVICES, LLC, AND
GENEVA GENERAL HOSPITAL, DEFENDANTS-RESPONDENTS.
------------------------------------------------------
JEREMY WALLACE, ET AL., THIRD-PARTY PLAINTIFFS,

                  V

CATENARY CONSTRUCTION CORPORATION, THIRD-PARTY
DEFENDANT-RESPONDENT,
------------------------------------------------------
LECESSE CONSTRUCTION SERVICES, LLC, THIRD-PARTY
PLAINTIFF,

                  V

CATENARY CONSTRUCTION CORPORATION
AND ROYAL ENVIRONMENTAL, INC., THIRD-PARTY
DEFENDANTS-RESPONDENTS.

---

GREENE & REID, PLLC, SYRACUSE (EUGENE W. LANE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (ALISON K.L. MOYER OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT ROYAL ENVIRONMENTAL,
INC.

THE LAW FIRM OF JANICE M. IATI, P.C., PITTSFORD (AMANDA BURNS OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

BURKE, SCOLAMIERO, MORTATI & HURD, LLP, ALBANY (PETER BALOUSKAS OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT CATENARY CONSTRUCTION
CORPORATION.

---

Appeal from an order of the Supreme Court, Onondaga County
(Donald F. Cerio, Jr., A.J.), entered December 24, 2014. The order,
insofar as appealed from, denied the motion of plaintiff for partial
summary judgment on liability under Labor Law § 240 (1) against
defendant-third-party plaintiff LeCesse Construction Services, LLC and

defendant Geneva General Hospital.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant-third-party plaintiff LeCesse Construction Services, LLC (LeCesse), the general contractor for a construction project on premises owned by defendant Geneva General Hospital (Geneva), subcontracted demolition work to plaintiff's employer, third-party defendant Royal Environmental, Inc., and subcontracted excavation and concrete work to third-party defendant Catenary Construction Corporation. Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when the ladder on which he was working was allegedly struck by the chute of a concrete truck, causing plaintiff to fall. Plaintiff appeals from an order denying his motion for partial summary judgment on liability under Labor Law § 240 (1) against LeCesse and Geneva (defendants).

We agree with plaintiff that he met his initial burden on the motion by submitting evidence establishing that defendants violated Labor Law § 240 (1) " 'by failing to ensure the proper placement of the ladder' . . . , and that such violation was a proximate cause of plaintiff's injuries" (*Whalen v ExxonMobil Oil Corp.*, 50 AD3d 1553, 1554; *see Woods v Design Ctr., LLC*, 42 AD3d 876, 877). In opposition to the motion, however, defendants and third-party defendants raised an issue of fact by submitting evidence that, contrary to plaintiff's account of the accident, the ladder did not move upon contact with the chute, and plaintiff was not knocked off the ladder by such contact (*see D'Antonio v Manhattan Contr. Corp.*, 93 AD3d 443, 444). " 'The two different versions of the accident . . . create questions of fact as to the adequacy of the protective device and as to [plaintiff's] credibility,' thereby precluding summary judgment" (*Militello v Landsman Dev. Corp.*, 133 AD3d 1378, 1379). Defendants and third-party defendants also raised a triable issue of fact whether plaintiff's "own conduct, rather than any violation of Labor Law § 240 (1), was the sole proximate cause of his accident" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40). In particular, they submitted evidence that plaintiff was directed to refrain from working in the area during the scheduled concrete pour and that, upon plaintiff's initial refusal to cease working there, LeCesse's superintendent removed the ladder from that area and also had plaintiff leave the area. Plaintiff nonetheless intentionally disregarded the directives, returned to the area, set up the ladder, and continued working there when other workers were attempting to begin the pour (*see Georgia v Urbanski*, 84 AD3d 1569, 1569-1570; *see also Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 759; *Thome v Benchmark Main Tr. Assoc., LLC*, 86 AD3d 938, 939-940).

Entered: June 17, 2016

Frances E. Cafarell
Clerk of the Court