Irving Younger, J.
This motion raises a point of New York practice which, doubtless because of its obscurity, has hitherto gone undecided. For the benefit of those especially concerned with the subject, I am publishing this brief memorandum.
In June, 1970, plaintiff made personal service on the defendants, one of whom, seven months later, brought in the city as a third-party defendant. Long thereafter, plaintiff moved for leave to serve a supplemental summons and amended complaint on the city. Its motion was granted. Plaintiff then mailed the supplemental summons and amended complaint to the Corporation Counsel, who now moves to dismiss them on the ground that they were not personally served.
The point to be resolved is whether, in these circumstances, plaintiff was entitled to serve the supplemental summons and amended complaint as if they were interlocutory papers.
CPLR 1009 states that a plaintiff who wishes to amend his complaint to assert a claim against a third-party defendant may do so within 20 days after service of the third-party complaint without leave of court. After 20 days, the rule implies, prior leave is necessary, and that is why plaintiff here sought and obtained the order granting it permission to serve a supplemental summons and amended complaint on the city. That order made no provision with respect to the mode of service. So we turn to the statute.
CPLR 305 (subd. [a]) says, in substance, that a supplemental summons must be served as if an action were being commenced if the party to be served is “ a new party ’ ’. CPLR 2103 (subd. [b]) says that papers may be served by mail on the attorney for “ a party in a pending action ”. I hold that the city, having been brought in as a third-party defendant long before plaintiff attempted to assert a claim against it, was not “ a new party,” but rather was “ a party in a pending action,” and therefore that service in accordance with CPLR 2103 (subd. [b]) was proper.
My reasons are identical with those expressed by the Court of Appeals in explaining why a supplemental summons need *610 not be served by a newly added plaintiff on a defendant originally sued in the action. Patrician Plastic Corp. v. Bernadel Realty Corp. (25 N Y 2d 599, 607): “ Extensive research fails to yield either statute or decisional precedent which would require in all cases that a defendant already in an action be served with original process if a new claim is to be made against it, whether by a newly added plaintiff or otherwise. In reason there seems no general need for the service of such original process. The short of it is that process serves to subject a person to jurisdiction in an action pending in a particular court and to give notice of the proceeding * * * Where the party defendant is already in the action there is no need, generally, to lay a basis for personal jurisdiction anew or to give any notice other than that which is obtained through the proceedings brought to add the new claim whether on behalf of a new party or not.”
The city’s motion to dismiss the supplemental summons and amended complaint is, in consequence, denied.