■ DELORES DOYLE, Plaintiff, v HAPPY TUMBLER WASH-O-MAT, INC., Appellant and Third-Party Plaintiff, et al., Defendant. WASCOMAT OF AMERICA CORP., Third-Party Defendant and Fourth-Party Plaintiff-Respondent, et al., Third-Party Defendant; A. B. ELECTROLUX, Fourth-Party Defendant-Respondent.—In an action to recover damages for personal injuries, defendant and third-party plaintiff Happy Tumbler Wash-O-

Mat, Inc. (hereinafter Happy Tumbler) appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated March 26, 1984, as denied as moot its motion for an order directing third-party defendant Electrolux-Wascator A. B. (hereinafter Electrolux) to appear for an examination before trial, and granted that branch of a cross motion of Electrolux which sought dismissal of the third-party action against it for lack of in personam jurisdiction.

Order reversed, insofar as appealed from, with costs, and matter remitted to the Supreme Court, Nassau County, for a new determination of the motion and the aforenoted branch of the cross motion, after a hearing in accordance herewith.

Plaintiff, allegedly injured while operating a washing machine at a laundromat, commenced the main action against defendants Happy Tumbler, operator of the laundromat, and Donald Anzalone, the owner-lessor of the premises. Defendant Happy Tumbler thereafter commenced a third-party action against Wascomat, the distributor of the subject machine, and Super Equipment Corporation, the installer. Wascomat subsequently commenced a fourth-party action against Electrolux, the machine's manufacturer. In its answer, Electrolux asserted, *inter alia,* the affirmative defense of lack of in personam jurisdiction. Defendant and third-party plaintiff Happy Tumbler then served an amended third-party complaint upon the attorneys for Electrolux, in which direct claims against Electrolux were asserted. Electrolux served an answer to the amended third-party complaint which included, once again, the affirmative defense of lack of in personam jurisdiction.

Happy Tumbler thereafter moved for an order directing Electrolux to appear for an examination before trial. Electrolux opposed the motion and cross-moved for an order: (1) discontinuing Wascomat's fourth-party action against it on the basis of a stipulation entered into by those parties; and (2) dismissing Happy Tumbler's third-party action against it for lack of in personam jurisdiction. In the order appealed from, Special Term granted both branches of Electrolux's cross motion and denied, as moot, Happy Tumbler's motion for a pretrial examination of Electrolux.

On appeal, Happy Tumbler asserts that service of its amended third-party complaint upon the attorneys for Electrolux was proper, inasmuch as in personam jurisdiction over Electrolux had already been conferred in the action by reason of service of Wascomat's summons and fourth-party complaint upon it. Happy Tumbler contends that Electrolux was duly

served in the fourth-party action pursuant to an agreement between Electrolux and Wascomat designating an agent for service of process. Electrolux claims, to the contrary, that commencement of the fourth-party action against it by Wascomat did not relieve Happy Tumbler of the necessity of obtaining in personam jurisdiction over Electrolux in the third-party action, because there was no proof that Electrolux had been properly served by Wascomat in the fourth-party action and, in fact, Electrolux had interposed the affirmative defense of lack of in personam jurisdiction in its answer to Wascomat's fourth-party complaint. No judicial determination of the validity of service in the fourth-party action was made because the parties thereto entered into a stipulation of discontinuance, thereby rendering academic the jurisdictional issue existing between them.

Electrolux further contends that it is not subject to the jurisdiction of the courts of this State because it is a Swedish corporation with no agents, employees, salespersons or offices in the United States. It alleges that its sole customer in the United States is Bermil Industries, the parent corporation of Wascomat, and that title to the washing machines passes from Electrolux to Bermil in Sweden. However, Happy Tumbler argues that a sole distributorship agreement exists between Wascomat and Electrolux, whereby Wascomat has the exclusive right to import and distribute Electrolux products in New York, and Electrolux derives substantial revenue from such sales. Happy Tumbler maintains that the foregoing activity by Electrolux affords a basis for the exercise of New York's "long-arm" jurisdiction.

It is well settled that a defendant who is already properly in an action need not be served with original process when a new claim is to be made against it *(see,* CPLR 1009; *Patrician Plastic Corp. v Bernadel Realty Corp.,* 25 NY2d 599, 606-608; *Eidlitz v Village of Dobbs Ferry,* 97 AD2d 747, 748). Accordingly, if it is established that Wascomat properly served Electrolux in the fourth-party action, Happy Tumbler's service of its amended third-party complaint upon the attorneys for Electrolux would be legally sufficient *(see,* CPLR 2103 [b]), and the voluntary discontinuance of the fourth-party action by stipulation of Electrolux and Wascomat would have no effect upon Happy Tumbler, which was not a party to that stipulation.

Thus, it was error for Special Term to have granted that branch of the cross motion which sought dismissal of the third-party action against Electrolux, without first determin-

ing whether Electrolux had been properly served by Wascomat in the fourth-party action. It is, therefore, necessary that the order be reversed, insofar as appealed from, and the matter remitted to Special Term for a hearing and new determination of the motion and that branch of the cross motion which sought dismissal of the third-party action against Electrolux. Further, should Special Term find, on the basis of the evidence adduced at the hearing, that Electrolux was properly served in the fourth-party action, thereby conferring in personam jurisdiction over Electrolux in the third-party action as well, it will be necessary for Special Term to conduct a further hearing to determine whether the activities of Electrolux suffice to confer jurisdiction pursuant to the "long-arm" statute (CPLR 302). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.