◼ Timothy Pryer et al., Plaintiffs, v Leon D. DeMatteis Construction Corp., Sued Herein as DeMatteis Organizations, Inc., Defendant and Third-Party Plaintiff-Respondent, S&L Concrete Construction Corp., Respondent, et al., Defendant. County of Nassau, Third-Party Defendant-Appellant. [677 NYS2d 603] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated March 17, 1997, as granted those branches of the separate motions of the defendant S&L Concrete Construction Corp., and the defendant third-party plaintiff, Leon D. DeMatteis Construction Corp., which were for summary judgment dismissing its counterclaims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff Timothy Pryer, a corrections officer at the Nas-

sau County Corrections Facility, allegedly was injured while descending stairs in an observation tower. At his examination before trial, Pryer stated that he slipped on sand and that he had noticed sand on the stairs during that shift and other shifts he had worked in that tower. He alleged that the sand resulted from ongoing construction at the Nassau County Corrections Facility. The defendant third-party plaintiff, Leon D. DeMatteis Construction Corp., the main contractor on the tower, was at that time also constructing a new building located approximately 50 to 75 feet from the tower, and had subcontracted the excavation work for the foundation of that building to the defendant S&L Concrete Construction Corp. (hereinafter S&L). S&L, in turn, had subcontracted the excavation work for the laying of the foundation to another subcontractor.

The Supreme Court granted the respondents' respective motions for summary judgment dismissing the plaintiffs' causes of action under the Labor Law and all counterclaims insofar as asserted against them by the appellant since those counterclaims were based upon the plaintiffs' causes of action.

Pryer was not engaged in any of the activities enumerated in Labor Law § 240 and he was not employed as a construction worker. In addition, Pryer was not injured at a construction area within the meaning of Labor Law § 241 (6). Accordingly, Pryer had no claim against the respondents under Labor Law §§ 240 or 241 (6), and the appellant's counterclaims, which were based on an alleged breach of the duty owed by the respondents to Pryer under these sections of the Labor Law, were also properly dismissed (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573).

The appellant's remaining contention is without merit. Mangano, P. J., Copertino, Joy and Florio, JJ., concur.