(November 23, 1998)

■ DOMINICK AIELLO, Appellant-Respondent, v ROCKMOR ELECTRIC ENTERPRISES, INC., Respondent, et al., Defendants, and WALDBAUM-COLLEGE POINT CENTER, INC., Defendant and Third-Party Plaintiff-Respondent. J.A. SMITH CONTRACTING, INC., Third-Party Defendant-Respondent-Appellant. [680 NYS2d 631] —On the Court's own motion, it is ordered that the unpublished decision and order of this Court dated November 2, 1998, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated August 8, 1997, as (1) denied that branch of his motion which was for partial summary judgment on the issue of liability against the defendant-respondent Rockmor Electric Enterprises, Inc., and the defendant third-party plaintiff-respondent Waldbaums, Inc., s/h/a Waldbaum-College Point Center, on the first cause of action insofar as it is based on Labor Law § 240 (1), (2) granted that branch of the cross motion by the third-party defendant J.A. Smith Contracting, Inc., which was for summary judgment in favor of Waldbaums, Inc., s/h/a Waldbaum-College Point Center, dismissing the first cause of action insofar as it is based on Labor Law § 240 (1), and (3) granted the cross motion of the defendant Rockmor Electric Enterprises, Inc., which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The third-party defendant, J.A. Smith Contracting, Inc., cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the third-party complaint insofar as it asserted a cause of action for contractual indemnification.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied that branch of the motion of the plaintiff which was for partial summary judgment on the issue of liability against the defendant third-party plaintiff-respondent Waldbaums, Inc., s/h/a Waldbaum-College Point Center, on the first cause of action insofar as it is based

on Labor Law § 240 (1), and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof granting that branch of the cross motion of the third-party defendant, J.A. Smith Contracting Co., which was for summary judgment in favor of Waldbaums, Inc., s/h/a Waldbaum-College Point Center, dismissing the first cause of action insofar as it is based on Labor Law § 240 (1), and substituting therefor a provision denying that branch of the cross motion, and (3) deleting the provision thereof denying that branch of the cross motion of the third-party defendant, J.A. Smith Construction Co., which was for summary judgment dismissing the third-party complaint to the extent that it asserted a cause of action for contractual indemnification, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that Dominick Aiello, Rockmor Electric Enterprises, Inc., and J.A. Smith Contracting, Inc., are awarded one bill of costs payable by Waldbaums, Inc., s/h/a Waldbaum-College Point Center.

The plaintiff, a construction superintendent employed by the general contractor, the third-party defendant, J.A. Smith Contracting, Inc., allegedly sustained injuries while inspecting a building which the third-party defendant was brought in to finish. The plaintiff tripped on debris and began to fall off a loading dock which was five to six feet off the ground. As the plaintiff began to fall, he attempted to jump on two planks positioned over the opening of the loading bay at the location where a leveler was to be installed. The planks were not secured and the plaintiff was propelled from the planks to the uninstalled leveler which was on the ground approximately six feet away.

The plaintiff commenced the instant action against, among others, the owner of the premises, Waldbaums, Inc., s/h/a Waldbaum-College Point Center, and the electrical subcontractor at the site, Rockmor Electric Enterprises, Inc., alleging, *inter alia*, violations of Labor Law § 240 (1). The owner thereafter commenced a third-party action for contribution and contractual and common-law indemnification against the plaintiff's employer, the general contractor.

Contrary to the Supreme Court's finding, the permanency of the loading dock does not preclude liability under Labor Law § 240 (1) (*see, Richardson v Matarese,* 206 AD2d 353). Inasmuch as the plaintiff established that he was injured while working at a building which was under construction, that he fell into a

pit which was to be used for the installation of a leveler for the loading dock, and that he had not been provided with any safety devices to prevent his fall, he should have been granted summary judgment on the issue of liability against the defendant third-party plaintiff-respondent Waldbaums, Inc., s/h/a Waldbaum-College Point Center, on the first cause of action insofar as it is based on Labor Law § 240 (1) (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Carpio v Tishman Constr. Corp.,* 240 AD2d 234; *Schneider v Hanover E. Estates,* 237 AD2d 274).

Additionally, the Supreme Court erroneously denied the general contractor's motion for summary judgment dismissing the third-party complaint insofar as it asserted a claim for contractual indemnification. The contract between the owner and the general contractor contained no provision, express or otherwise, which provided for contractual indemnification (*see, Matter of Heimbach v Metropolitan Transp. Auth.,* 75 NY2d 387, 392).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Copertino, McGinity and Luciano, JJ., concur.