■ HERBERT E. SPAULDING, Respondent, v S.H.S. BAY RIDGE LLC, Appellant. [759 NYS2d 179] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated July 19, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, a security guard employed by Wilcox Construction Corp. (hereinafter Wilcox), allegedly was injured when an aluminum extension ladder he was descending "skidded," causing him to fall. The accident allegedly occurred at a certain property owned by the defendant, which was under construction. Wilcox was the general contractor on the construction project. The plaintiff commenced the instant action alleging causes of action based on common-law negligence and Labor Law §§ 200, 240 (1), and § 241 (6). The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We reverse.

We agree with the defendant's contention that the plaintiff is

not a person entitled to the protection of the Labor Law. He was neither "permitted or suffered to work on a building or structure" (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576 [1990]), nor was he performing work necessary and incidental to the erection or repair of a building or structure (*see Lombardi v Stout*, 80 NY2d 290 [1992]). Accordingly, under the circumstances of this case, the causes of action alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6) should have been dismissed (*see Nelson v RPH Constr. Corp.*, 278 AD2d 465 [2000]; *Shields v St. Marks Hous. Assoc.*, 230 AD2d 903 [1996]). Additionally, no recovery is available pursuant to Labor Law § 200 or under a theory of common-law negligence because the defendant exercised no supervision or control over the plaintiff's work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]; *Lombardi v Stout, supra*; *Somerville v Usdan*, 255 AD2d 500, 501 [1998]; *Bratton v J.L.G. Indus.*, 247 AD2d 571 [1998]).

The plaintiff's remaining contention is without merit. Santucci, J.P., Luciano, Townes and Rivera, JJ., concur.