■ FRED PETRILLO et al., Plaintiffs, v DURR MECHANICAL CONSTRUCTION, INC., Defendant and Third-Party Plaintiff-Appellant. BARRIER ELECTRICAL CONTRACTING, INC., et al., Third-Party Defendants-Respondents. [759 NYS2d 662] —Order, Supreme Court, New York County (Richard Braun, J.), entered February 6, 2003, which granted the motion of third-party defendant Proven Electrical Contracting Co. and the cross motion of third-party defendant Barrier Electrical Contracting, Inc. for summary judgment, and dismissed the third-party complaint, unanimously affirmed, without costs.

Inasmuch as third-party defendant Proven was plaintiff's employer and the injuries for which plaintiff seeks to recover in the underlying action were not "grave," third-party plaintiff Durr's claims as against Proven for contribution and common-law indemnification were barred pursuant to Workers' Compensation Law § 11 (*see Barbieri v Mount Sinai Hosp.*, 264 AD2d

1, 4-6 [2000]). Also properly dismissed were the third-party claims against Proven for contractual indemnification and alleging breach of an agreement to procure insurance since no triable issue was raised as to the existence of a contract pursuant to which Proven undertook to indemnify Durr, or requiring Proven to procure insurance covering Durr. Third-party defendant Barrier was entitled to summary judgment as well, since Barrier established without contradiction that it was not working at the subject job site at the time of plaintiff's accident and that there was no contract obligating it to indemnify or procure insurance for Durr. Durr's speculation that evidence enabling it to raise triable issues as to its third-party claims might be uncovered if it were afforded a further opportunity for discovery was not a sufficient ground for the denial of summary judgment (see Moukarzel v Montefiore Med. Ctr., 235 AD2d 239, 240 [1997]). Concur—Andrias, J.P., Saxe, Ellerin, Lerner and Friedman, JJ.