■ JOSEPH GUARINO, Respondent, v 233 EAST 69TH STREET OWNERS CORP., Respondent, et al., Defendants, and PLN CONSTRUCTION, INC., Appellant. [789 NYS2d 302]—

In an action to recover damages for personal injuries, PLN Construction, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Levine, J.), dated June 24, 2003, as granted the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Contrary to the appellant's contention, the plaintiff properly commenced a direct action against it by the service of an amended complaint naming it as a defendant, after the service of the third-party complaint upon it and before it served a third-party answer (*see* CPLR 1009; *Micari v Van Kesteren,* 121 AD2d 524 [1986]; *Johnson v Equitable Life Assur. Socy. of U.S.,* 22 AD2d 141 [1964], *affd* 18 NY2d 933 [1966]; *see also Patrician Plastic Corp. v Bernadel Realty Corp.,* 25 NY2d 599, 607 [1970]).

Moreover, since the issue of the appellant's liability to the plaintiff under the Labor Law was not fully litigated before the filing of the plaintiff's motion, the doctrine of law of the case doctrine did not apply (*see People v Evans,* 94 NY2d 499, 502 [2000]; *Engel v Eichler,* 300 AD2d 622, 623 [2002]; *see also Gilligan v Reers,* 255 AD2d 486, 487 [1998]). The Supreme Court properly granted the plaintiff summary judgment on the issue of liability under Labor Law § 240 (1) against the appellant, which was a contractor within the meaning of the statute (*see Gordon v Eastern Ry. Supply,* 82 NY2d 555 [1993]; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494 [1993]; *Williams v Dover Home Improvement,* 276 AD2d 626 [2000]; *cf. Russin v Picciano & Son,* 54 NY2d 311 [1981]). Florio, J.P., Adams, Cozier and Mastro, JJ., concur.