◼ JUAN MARTINEZ MORALES et al., Respondents, v 569 MYRTLE AVENUE, LLC, Respondent-Appellant, MAXIMUM DISTRIBUTORS, INC., Appellant-Respondent, and REGIONAL CONSTRUCTION CORPORATION, Respondent. (And a Third-Party Action.) [793 NYS2d 145]—

In an action to recover damages for personal injuries, etc., the defendant Maximum Distributors, Inc., appeals, as limited by

its brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), entered April 15, 2004, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant 569 Myrtle Avenue, LLC, cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant Maximum Distributors, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6) and the cross claims asserted by the defendant Regional Construction Corporation for contractual indemnification and to recover damages for failure to procure insurance insofar as asserted against it, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from by the defendant Maximum Distributors, Inc., without costs or disbursements.

On July 30, 2001, the plaintiff Juan Martinez Morales (hereinafter the plaintiff) allegedly sustained personal injuries when he was struck on the head by a piece of cement as he walked on the sidewalk adjacent to a construction site located at 569-577 Myrtle Avenue in Brooklyn (hereinafter the premises). The premises were owned by the defendant 569 Myrtle Avenue, LLC (hereinafter 569 Myrtle). On April 19, 2000, 569 Myrtle contracted with the defendant Maximum Distributors, Inc. (hereinafter Maximum), inter alia, for the construction of a gas station at the premises. Prior to the date of the accident, Maximum retained the services of the defendant Regional Construction Corporation (hereinafter Regional) to perform work at the premises. The plaintiff and his wife commenced the instant action against 569 Myrtle, Maximum, and Regional to recover damages, inter alia, for common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). Maximum moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied Maximum's motion.

The Supreme Court properly denied that branch of Maximum's motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence. Maximum made a prima facie showing of entitlement to judgment as a matter of law (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition, the plaintiffs and Regional raised a triable issue of fact, inter alia, as to Maxi-

mum's control of and involvement in the work performed at the time of the accident.

However, as conceded by the plaintiffs in their opposition papers, the Supreme Court should have granted those branches of Maximum's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6), insofar as asserted against it since the plaintiff is not a member of the class of persons intended to be protected by those provisions of the Labor Law (*see Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577 [1990]; *Spaulding v S.H.S. Bay Ridge*, 305 AD2d 400, 400-401 [2003]; *Morra v White*, 276 AD2d 536, 537 [2000]).

Moreover, the Supreme Court should have granted that branch of Maximum's motion which was for summary judgment dismissing Regional's cross claims for contractual indemnification and to recover damages for failure to procure insurance insofar as asserted against it. There was no evidence that a contract existed requiring Maximum to indemnify or procure insurance for Regional (*see Aiello v Rockmor Elec. Enters.*, 255 AD2d 470, 472 [1998]; *Scally v Regional Indus. Partnership*, 9 AD3d 865, 869 [2004]; *Petrillo v Durr Mech. Constr.*, 306 AD2d 25, 26 [2003]).

Maximum's remaining contention is without merit. H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.