■ Jose Ruiz, Appellant, v Kevin Griffin et al., Defendants, and Old Navy, Inc., Defendant and Third-Party Plaintiff-Appellant. Crystal Run Company, L.P., Third-Party Defendant-Respondent. [856 NYS2d 214]—

In an action, inter alia, to recover damages for wrongful death, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated November 27, 2006, as granted that branch of the motion of the third-party defendant Crystal Run Company, L.P., which was to dismiss the supplemental summons and amended verified complaint insofar as asserted against it, and the defendant third-party plaintiff Old Navy, Inc., separately appeals, as limited by its brief, from so much of the same order as, in effect, granted that branch of the motion of the third-party defendant which was to dismiss the third-party complaint, (2) the plaintiff and the defendant third-party plaintiff Old Navy, Inc., separately appeal, as limited by their respective briefs, from so much of an

order of the same court, dated April 5, 2007, as, upon granting their respective motions for reargument, adhered to the respective determinations in the order dated November 27, 2006, and (3) the plaintiff appeals, as limited by his brief, from so much of an order of the same court, dated May 23, 2007, as, upon reargument, adhered to so much of the determination in the order dated November 27, 2006, as granted that branch of the motion of the third-party defendant Crystal Run Company, L.P., which was to dismiss the supplemental summons and amended verified complaint insofar as asserted against it.

Ordered that the appeals from the order dated November 27, 2006 are dismissed, as that order was superseded by the order dated April 5, 2007, made upon reargument; and it is further,

Ordered that the appeal by the plaintiff from so much of the order dated April 5, 2007, as, upon reargument, adhered to that portion of the order dated November 27, 2006, granting that branch of the motion of the third-party defendant Crystal Run Company, L.P., which was to dismiss the supplemental summons and amended verified complaint insofar as asserted against it is dismissed, as that portion of the order appealed from was superseded by the order dated May 23, 2007, made upon reargument; and it is further,

Ordered that the order dated April 5, 2007 is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to so much of the order dated November 27, 2006, as, in effect, granted that branch of the motion of the third-party defendant Crystal Run Company, L.P., which was to dismiss the first and second causes of action in the third-party complaint and substituting therefor a provision, upon reargument, vacating so much of the order dated November 27, 2006, as granted that branch of the motion and thereupon denying that branch of the motion; as so modified, the order dated April 5, 2007 is affirmed insofar as appealed from by the third-party plaintiff Old Navy, Inc.; and it is further,

Ordered that the order dated May 23, 2007 is reversed insofar as appealed from, upon reargument, so much of the order dated November 27, 2006, as granted that branch of the motion of the third-party defendant Crystal Run Company, L.P., which was to dismiss the supplemental summons and verified amended complaint insofar as asserted against it is vacated, that branch of the motion is denied, and the order dated April 5, 2007 is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants payable by the respondent.

The Supreme Court erred in granting that branch of the mo-

tion of the third-party defendant Crystal Run Company, L.P. (hereinafter Crystal Run), which was to dismiss the plaintiff's supplemental summons and amended verified complaint insofar as asserted against it. Since jurisdiction had been obtained over Crystal Run by virtue of the commencement of the third-party action by Old Navy, Inc. (hereinafter Old Navy), and Crystal Run's failure to assert any objection to jurisdiction in its answer (*see* CPLR 1009, 2103 [b]; *Doyle v Happy Tumbler Wash-O-Mat,* 113 AD2d 818, 820-821 [1985]), the plaintiff was not obligated to serve a supplemental summons with the amended verified complaint (*see Patrician Plastic Corp. v Bernadel Realty Corp.,* 25 NY2d 599, 607 [1970]; *Micari v Van Kesteren,* 121 AD2d 524, 524-525 [1986]; *see also Guarino v 233 E. 69th St. Owners Corp.,* 14 AD3d 652, 653 [2005]; *Doyle v Happy Tumbler Wash-O-Mat,* 113 AD2d at 820-821). Since there is no dispute that the amended verified complaint was timely (*see* CPLR 1009), the plaintiff's direct action against Crystal Run was properly commenced (*see Guarino v 233 E. 69th St. Owners Corp.,* 14 AD3d at 653; *Harlem Riv. Consumers Coop. v Manufacturers Hanover Trust Co.,* 68 Misc 2d 608, 609 [1972]).

The Supreme Court properly dismissed the third cause of action in Old Navy's third-party complaint for contractual indemnification on the ground that the terms of the parties' lease contained no express provision (*see Morales v 569 Myrtle Ave., LLC,* 17 AD3d 418, 420 [2005]; *Scally v Regional Indus. Partnership,* 9 AD3d 865, 869 [2004]; *Aiello v Rockmor Elec. Enters.,* 255 AD2d 470, 472 [1998]). Further, Old Navy cannot seek common-law indemnification from Crystal Run because its loss-prevention agents participated to some degree in the injury and its liability is not purely vicarious (*see Tulley v Straus,* 265 AD2d 399, 401 [1999]; *Kagan v Jacobs,* 260 AD2d 442, 442-443 [1999]). Similarly, the Supreme Court properly dismissed the fourth cause of action in Old Navy's third-party complaint. The parties' lease required Old Navy to procure liability insurance naming Crystal Run as an additional insured, but not the converse (*see Empire Ins. Co. v Insurance Corp. of N.Y.,* 40 AD3d 686, 688 [2007]; *Trapani v 10 Arial Way Assoc.,* 301 AD2d 644, 647 [2003]; *cf. Chaehee Jung v Kum Gang, Inc.,* 22 AD3d 441, 443 [2005]; *Taylor v Gannett Co.,* 303 AD2d 397 [2003]).

However, the Supreme Court erred in granting that branch of Crystal Run's motion which was to dismiss the third-party complaint in its entirety. The third-party complaint set forth a claim for common-law contribution arising out of Crystal Run's duty to maintain the common area, which included the parking lot where the plaintiff's decedent suffered fatal injuries (*see*

*Sutherland v Hallen Constr. Co.*, 183 AD2d 887, 890 [1992]). Further, contrary to the holding of the Supreme Court, a claim for contribution, whether asserted in a third-party complaint or a separate action, accrues at the time of payment of the underlying claim (*see Bay Ridge Air Rights v State of New York*, 44 NY2d 49 [1978]; *Blum v Good Humor Corp.*, 57 AD2d 911 [1977]; CPLR 1401) and is subject to a six-year limitations period, which had not run (*see* CPLR 213). Consequently, Crystal Run was not entitled to dismissal of the third-party complaint in its entirety. Spolzino, J.P., Santucci, Angiolillo and Carni, JJ., concur.