■ Ronald J. Bolster et al., Appellants-Respondents, v
Eastern Building and Restoration, Inc., Respondent-
Appellant. [946 NYS2d 298]—

Lahtinen, J.P. Cross appeals from an order of the Supreme
Court (Nolan Jr., J.), entered February 16, 2011 in Saratoga
County, which denied plaintiffs' motion for partial summary
judgment and partially granted defendant's cross motion for
summary judgment dismissing the complaint.

Plaintiff Ronald J. Bolster (hereinafter plaintiff), a state cor-
rection officer, was injured while working as a "construction
escort" assigned to defendant's work crew. Defendant had
contracted with the state to perform demolition and construc-
tion work inside Mount McGregor Correctional Facility in
Saratoga County. Plaintiff's duties included escorting defend-
ant's workers to and from the construction site in the facility,
making sure that none of the workers' tools (which could
become potential weapons in the hands of inmates) were left in
the facility, and keeping the area otherwise safe from any
inmates. It is undisputed that plaintiff did not engage in any
actual physical construction work, but his presence at the site
for safety-related reasons was mandatory. The accident occurred
when two of defendant's employees removed a heavy steel
doorframe, tipped and lowered it part way to the floor, and then
dropped it from about waist height. The doorframe struck
plaintiff's shin and right foot as it fell.

Plaintiff and his wife, derivatively, commenced this action al-
leging violations of Labor Law §§ 200, 240 (1) and § 241 (6), as
well as common-law negligence. After discovery, plaintiffs moved
for partial summary judgment on their Labor Law § 240 (1)
cause of action and defendant cross-moved for summary judg-
ment dismissing all causes of action. Supreme Court denied
plaintiffs' motion and partially granted defendant's motion,
dismissing the causes of action premised upon Labor Law § 240
(1) and § 241 (6). The parties cross-appealed.[1]

We consider first whether plaintiff was a covered person for
purposes of Labor Law § 240 (1). Labor Law § 240 (1) affords
protection to workers employed in the acts enumerated in the

---

1. By failing to address the issues in its brief, defendant abandoned its
claim to summary judgment as to the causes of action premised upon common-
law negligence and Labor Law § 200 (*see Jock v Landmark Healthcare Facili-
ties, LLC*, 62 AD3d 1070, 1074 n 2 [2009]).

statute as well as duties ancillary to those acts (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]). The fact-intensive determination of whether work falls within the coverage of the pertinent part of the Labor Law is made "on a case-by-case basis, depending on the context of the work" (*id.* at 883; *see Nelson v Sweet Assoc., Inc.*, 15 AD3d 714, 715 [2005]; *see also Stringer v Musacchia*, 11 NY3d 212, 213 [2008] [volunteer not covered by Labor Law § 240]; *Beehner v Eckerd Corp.*, 3 NY3d 751, 752 [2004] [injury occurring after enumerated activity completed not covered]; *Martinez v City of New York*, 93 NY2d 322, 326 [1999] [inspection before start of work not covered]). As relevant to the current case, Labor Law § 240 coverage generally does not extend to an individual injured at a construction project whose role is limited to providing security and who does not participate in any construction activity (*see Spaulding v S.H.S. Bay Ridge*, 305 AD2d 400, 400-401 [2003], *lv denied* 100 NY2d 514 [2003]; *Pryer v DeMatteis Constr. Corp.*, 253 AD2d 804, 805 [1998]).

Here, plaintiff was employed by the state (the owner of the property) and he was assigned by his employer to a security detail. His duties included walking defendant's employees to the job site, keeping an inventory of the tools used by the workers, and ensuring that the workers were protected from inmates. Although plaintiff's presence in close proximity to the job site was necessary for the work to proceed within the prison setting, he did not engage in any of the demolition or construction work. He characterized such work as "out-of-title" for him, and his role was, in essence, to protect the site from inmates—a role consistent with his job as a state correction officer and not involving activity falling within the legislative intent in enacting the pertinent section of the Labor Law. Accordingly, we find that Supreme Court properly granted defendant's motion for summary judgment dismissing plaintiffs' Labor Law § 240 (1) cause of action.

Plaintiffs further argue that Supreme Court erred in dismissing the Labor Law § 241 (6) cause of action.[2] "As [this] statute is not self-executing, a plaintiff must set forth a violation of a specific rule or regulation promulgated pursuant to it" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 11-12 [2011]). A regulation that merely recites common-law safety principles

---

**2.** We note that Labor Law § 241 (6) coverage includes persons "lawfully frequenting" the place of construction. Defendant conceded at oral argument that plaintiff was a covered person under this statute, but challenged whether plaintiffs had established the requisite violation of a specific applicable regulation.

is insufficient (see *St. Louis v Town of N. Elba*, 16 NY3d 411, 414 [2011]). Plaintiffs assert violations of 12 NYCRR 23-3.3 (c), involving inspections during hand demolition operations, and 12 NYCRR 23-3.3 (h), which governs demolition of steel structures by hand.

The alleged regulations sufficiently mandate a distinct standard of conduct to support a Labor Law § 241 (6) claim (see *Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d at 12-13 [upholding claim based in part on 12 NYRCC 23-3.3 [c]; *Charney v LeChase Constr.*, 90 AD3d 1477, 1479 [2011] [upholding claim based in part on 12 NYCRR 23-3.3 [h]). However, neither regulation governs the circumstances of the particular work that resulted in plaintiff's injury. The accident was not caused by structural instability that could have been noticed and addressed by further inspections (see 12 NYCRR 23-3.3 [c]), but resulted from the planned performance of removing the doorframe from the wall, lowering it to waist height and purposely dropping it to the floor (see *Smith v New York City Hous. Auth.*, 71 AD3d 985, 987 [2010]; *Campoverde v Bruckner Plaza Assoc., L.P.*, 50 AD3d 836, 837 [2008]). Similarly, moving a doorframe from vertical to horizontal—essentially laying it down—on the same floor in the immediate vicinity is not controlled by 22 NYCRR 23-3.3 (h) (see *Malloy v Madison Forty-Five Co.*, 13 AD3d 55, 57 [2004]). Consequently, Supreme Court also properly dismissed this cause of action.

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.