Carter v BMC-HOJO, Inc. (2020 NY Slip Op 06237)





Carter v BMC-HOJO, Inc.


2020 NY Slip Op 06237


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-03691
 (Index No. 1412/14)

[*1]E'Lona Carter, plaintiff-respondent,
v
BMC-HOJO, Inc., etc., et al., defendants third-party plaintiffs-appellants; Tevin Williams, third-party defendant-respondent.


Boeggeman, Corde, Ondrovic & Hurley, P.C., White Plains, NY (Robert S. Ondrovic of counsel), for defendants third-party plaintiffs-appellants.
Friedlander & Friedlander, P.C., Ithaca, NY (William S. Friedlander and LaFave, Wein & Frament, PLLC [Cynthia S. LaFave], of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from a judgment of the Supreme Court, Orange County (Craig Stephen Brown, J.), entered January 18, 2018. The judgment, upon a jury verdict finding the defendants third-party plaintiffs 100% liable for the plaintiff's injuries sustained in the subject incident, is in favor of the plaintiff and against the defendants third-party plaintiffs on the issue of liability.
ORDERED that the judgment is modified, on the facts, by deleting the provision thereof apportioning 100% of the fault to the defendants third-party plaintiffs; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a new trial with respect to the apportionment of fault between the defendants third-party plaintiffs and the third-party defendant, Tevin Williams, and thereafter the entry of an amended judgment, unless, within 30 days after service upon her of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Orange County, a written stipulation consenting to the apportionment of 65% of the fault in the happening of the subject shooting to the defendants third-party plaintiffs and 35% of the fault in the happening of the shooting to the third-party defendant, Tevin Williams, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so amended, is affirmed, without costs or disbursements.
During the evening hours of November 12, 2011, the plaintiff was sitting in a parked car in the parking lot of a hotel in Middletown that was owned and operated by the defendants third-party plaintiffs (hereinafter the defendants). The plaintiff was shot by the third-party defendant, Tevin Williams, and sustained physical injuries as a result of the shooting. The plaintiff commenced this action against the defendants, alleging that the shooting was foreseeable, that the defendants failed to provide minimal precautionary measures to secure the parking lot, a hot spot for various forms of criminal activity, and that the defendants' negligence was a substantial factor in causing her injuries. The defendants commenced a third-party action against Williams. Following a jury trial, the jury found in favor of the plaintiff and against the defendants as to liability, and apportioned [*2]100% of the fault in the happening of the shooting to the defendants. The defendants appeal.
Contrary to the defendants' contentions, the plaintiff made out a prima facie case of negligence at trial, and the jury's finding in this regard was not against the weight of the evidence. The plaintiff established that the defendants employed almost no security measures in the parking lot where the shooting took place, and that in light of the history of criminal activity in the parking lot, the defendants should have been aware of the "likelihood of conduct on the part of third [parties]" that would "endanger the safety" of visitors to the parking lot (Jacqueline S. v City of New York, 81 NY2d 288, 294 [internal quotation marks omitted]; see Ruiz v Griffin, 50 AD3d 1007).
However, the apportionment of 100% of the fault in the happening of the shooting to the defendants was not supported by a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744; Granata v City of White Plains, 162 AD3d 641, 644). An apportionment of 65% of the fault to the defendants and 35% of the fault to Williams better reflects a fair interpretation of the evidence (see Granata v City of White Plains, 162 AD3d at 644; see also Ortiz v New York City Hous. Auth., 22 F Supp 2d 15, 32-34 [ED NY 1998]).
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court