Sibrian v 244 Madison Realty Corp. (2022 NY Slip Op 06732)

Sibrian v 244 Madison Realty Corp.

2022 NY Slip Op 06732

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-01230
 (Index No. 708235/14)

[*1]Jovita Sibrian, plaintiff, 
v
244 Madison Realty Corp., et al., defendants third-party plaintiffs-appellants; John Kapetanos, et al., third-party defendants-respondents.

Gartner + Bloom, P.C., New York, NY (Philip A. Schultze and Arthur P. Xanthos of counsel), for defendants third-party plaintiffs-appellants.
McManus Ateshoglou Aiello & Apostolakos, PLLC, New York, NY (Athanasia Apostolakos of counsel), for third-party defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), dated November 15, 2019. The order, insofar as appealed from, granted those branches of the third-party defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the sixth and seventh causes of action in the third-party complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the third-party defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the sixth and seventh causes of action in the third-party complaint are denied.
On May 9, 2012, the plaintiff allegedly was injured when she slipped and fell on a wet floor in the course of her employment at the Moonstruck Diner in Manhattan. On November 5, 2014, the plaintiff commenced this action against the owner of the premises, 244 Madison Realty Corp., and its managing agent, Maxwell-Kates, Inc. In August 2018, the defendants commenced a third-party action against John Kapetanos, who was the lessee of the premises, and the plaintiff's employer, Pirgos Food Corp., doing business as Moonstruck Diner (hereinafter Pirgos). The third-party complaint asserts causes of action against Kapetanos for contribution, common law and contractual indemnification, breach of contract, and breach of contract for failure to procure insurance. The third-party complaint alleges that Kapetanos, the chief executive officer of Pirgos, de facto assigned the lease to Pirgos without obtaining the necessary permission from the defendants, and asserts causes of action against Pirgos alleging "assignee liability" and "alter ego/corporate veil liability" based on Kapetanos' alleged breach of contract, failure to procure insurance, and contractual indemnification obligations.
In lieu of answering the third-party complaint, the third-party defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss as time-barred the sixth and seventh causes of action in the third-party complaint, alleging assignee liability and alter ego/corporate veil liability, respectively. In an order dated November 15, 2019, the Supreme Court, among other things, granted those branches of the third-party defendants' motion. The court determined that the six-year statute of limitations for breach of contract causes of action provided by CPLR 213(2) governed those [*2]causes of action and that the statutes of limitations for each cause of action expired on May 9, 2018, which was six years after the subject accident, prior to the filing of the third-party complaint. The third-party plaintiffs appeal.
In resolving a motion to dismiss pursuant to CPLR 3211(a)(5) the court must accept the facts as alleged in the complaint as true, and accord the plaintiff the benefit of every possible favorable inference (see Covert Holdings, LLC v 1019 Irving Realty, LLC, 206 AD3d 691). On such a motion, "the defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d 970, 970 [internal quotation marks omitted]). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (id. at 970-971 [internal quotation marks omitted]).
"The statute of limitations on a claim for indemnity or contribution accrues only when the person seeking indemnity or contribution has paid the underlying claim" (Tedesco v A.P. Green Indus., Inc., 8 NY3d 243, 247; see also Vidal v Claremont 99 Wall, LLC, 124 AD3d 767, 768; Ruiz v Griffin, 50 AD3d 1007, 1010). Here, it is undisputed that the plaintiff has yet to recover any judgment against the defendants. Thus, since the sixth and seventh causes of action in the third-party complaint, asserted against Pirgos, are predicated upon Katepanos's alleged obligation to indemnify the defendants, those causes of action have yet to accrue. Therefore, the Supreme Court erred in granting those branches of the third-party defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the sixth and seventh causes of action in the third-party complaint.
In light of our determination, we need not reach the defendants' remaining contention.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court